**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff/Garnishor,** | ) |
| | ) |
| v. | )   Case No. M-03-277-RO |
| | ) |
| **RALPH BIRDSHEAD, JR.,** | ) |
| | ) |
| **Defendant,** | ) |
| | ) |
| and | ) |
| **CHEYENNE-ARAPAHO TRIBE, and** | ) |
| its successors or assigns, | ) |
| | ) |
| **Garnishee.** | ) |

**REPORT AND RECOMMENDATION**

Before the undersigned is a proposed Order for Disposition of Garnished Funds submitted by Plaintiff/Garnishor in this post judgment action. For the reasons set out hereafter, the undersigned recommends that an order be entered directing the Garnishee as to the disposition of the judgment debtor's non-exempt interest in the garnished property. 28 U.S.C. § 3205(c)(7).[1]

---

[1] Although 28 U.S.C. § 636(b) does not expressly authorize a magistrate judge to consider post-trial motions, § 636(b)(3) does allow the assignment of additional duties to the magistrate judge that "are not inconsistent with the Constitution of the United States." A magistrate judge acting under the authority granted by § 636(b)(3) may not, however, make a final ruling on a dispositive matter absent the consent of the parties. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005), (citing *Colo. Bldg. & Constr. Trades Council v. B. B. Anderson Constr. Co.,* 879 F.2d 809, 811 (10th Cir. 1989)("[W]e have consistently recognized that [a] magistrate exercising 'additional duties' jurisdiction remains subject to the inherent supervisory power of the district judge . . . .")). Thus, a magistrate judge should issue a report and recommendation regarding a dispositive post-judgment

In the judgment entered by the undersigned[2] herein on April 8, 2004, Defendant Ralph Birdshead Jr. was ordered to pay a special assessment of $25 and restitution to State Farm Insurance in the amount of $1,301.87 for a total of $1,326.87. On July 22, 2008, Plaintiff/Garnishor filed an application for post-judgment writ of garnishment directed to Garnishee/Cheyenne-Arapaho Tribe. The application reflects an amount due and owing by Defendant of $l,064.87. A post-judgment Writ of Garnishment was issued by the undersigned Magistrate Judge on July 23, 2008.

Plaintiff/Garnishor has filed a certificate of service reflecting that (1) Defendant was served with a copy of the Application, the Clerk's Notice and the Writ of Garnishment, accompanied by instructions for objecting to the answer of the Garnishee and for requesting a hearing, and (2) Garnishee was served with a copy of the Writ of Garnishment, accompanied by instructions explaining the requirement that the Garnishee submit an answer to the Writ. Garnishee has submitted an answer filed herein July 31, 2008, stating that Garnishee anticipates future possession, custody or control of property in which Defendant will have an interest and that Defendant and Plaintiff/Garnishor were served copies of the

---

matter. *See United States v. Thompson*, No. 07-5158, 2008 WL 2421724 (10th Cir. June 17, 2008) (unpublished op.) (holding that a post-judgment writ of execution was a dispositive matter, and therefore magistrate judge lacked authority to issue order approving writ).

[2]Although Plaintiff and Defendant consented to the undersigned's jurisdiction in the underlying criminal proceedings, that consent is insufficient to allow the undersigned to enter a final, dispositive order in the garnishment proceeding. *See United States v. Lawrence*, 538 F.Supp.2d 1188 (D.S.D. 2008) (finding magistrate judge did not have authority to enter final, appealable order in garnishment proceeding under Fair Debt Collection Procedure Act absent consent of garnishee).

answer by certified mail. Defendant has not filed an objection to the answer nor requested a hearing pursuant to 28 U.S.C. § 3205(c)(5).

In light of the Garnishee's Answer and Defendant's failure to file a timely objection or request for a hearing, Plaintiff has submitted a proposed Order for Disposition of Garnished Funds. The undersigned finds that Plaintiff/Garnishor is entitled to an order disbursing all non-exempt monies and property of Defendant withheld or obtained under the continuing Writ of Garnishment. The undersigned therefore recommends the entry of the proposed order directing the Garnishee as to the disposition of all non-exempt monies and property of Defendant withheld or obtained in the future under the continuing Writ of Garnishment. 28 U.S.C. § 3205(c)(7).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that an order for disposition of garnished funds be entered in favor of Plaintiff/Garnishor. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by the 12th day of November, 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 23rd day of October, 2008.

/s/ Bana Roberts
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE